UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-23509-CIV-MORENO**

NEIL SCHEIN,

    Plaintiff,

vs.

NORWEGIAN CRUISE LINE LIMITED,

    Defendant.
_____/

## ORDER GRANTING MOTION TO SUBSTITUTE PARTY AND DENYING MOTION TO DISMISS

THIS CAUSE came before the Court upon Plaintiff's Motion to Substitute Party (**D.E. No. 25**), filed on **February 4, 2009** and Defendant's Motion to Dismiss (**D.E. 19**) filed on **January 26, 2009**.

THE COURT has considered the motions. the responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to substitute party is GRANTED and the motion to dismiss is DENIED for the reasons set forth below.

### I. BACKGROUND

This case was originally filed in the Eastern District of New York. While a motion to dismiss was pending in the New York case, Plaintiff filed a duplicate action here in the Southern District of Florida (Case No. 08-21997-CIV-MORENO). Both actions are identical tort actions brought by plaintiff when he allegedly burned his feet on a deck of a Norwegian cruise ship. Neither party advised the Court that Case No. 08-21997 was a duplicate action.

Plaintiff died on August 28, 2008. On September 22, 2008, Plaintiff filed a suggestion of death in this Court's original case, Case No. 08-21997-CIV-MORENO, but not in Case No. 08-23509 (the New York case). This Court granted a motion to abate and closed 08-21997-CIV-MORENO pending the motion for substitution of party. On January 13, 2009, Plaintiff's counsel filed a motion to substitute party and reopen Case no. 08-21997-CIV-MORENO. The Court denied the motion based on Fed. R. Civ. P. 25, which requires a court to dismiss a case when a motion to substitute is filed over ninety days after the suggestion of death is filed with the court. The rule affords no discretion.

Meanwhile, the New York action (i.e. Case No. 08-23509) was still pending. On December 17, 2008, the Eastern District of NewYork transferred Case no. 08-23509 to the Southern District of Florida, and Judge Huck was assigned case. This Court subsequently accepted transfer on February 10, 2009. Plaintiff filed the notice of death in this case, Case No. 08-23509, on February 4, 2009 and a motion to substitute party. Defendant moved to dismiss on res judicata and collateral estoppel grounds.

II. ANALYSIS

Federal Rule of Civil Procedure 25 states that a court must dismiss a case when a party fails to file a motion to substitute party within ninety days "after service of the statement noting the death." In this case, the statement noting death was filed almost six months after Plaintiff's death and Plaintiff filed the motion to substitute party on the same day. Accordingly, the ninety-day rule does not apply. Rule 25's commentary, however, does provide the Court with guidance on what to do when the "service of a statement noting death" is delayed. It reads:

A motion to substitute made within the prescribed time will ordinarily be

> granted, . . ., it may denied by the court in the exercise of sound discretion if made long after the death -- as can occur if the suggestion of death is not made or is delayed -- and circumstances have arisen rendering it unfair to allow substitution. . . . Accordingly, a party interested in securing substitution . . . should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute.

Fed. R. Civ. P. 25, Advisory Committee's Notes on 1963 Amendment. Defendant only points to the Court's prior denial as grounds to deny substitution. Defendant does not point to any "circumstances [that] have arisen rendering it unfair to allow substitution." *Roberts v. Rowe*, 89 F.R.D. 398, 400 (S.D.W. Va. 1981) (granting motion for substitution when defendant showed no circumstances indicating it would be unfair to grant the motion after a measurable time lapse). Moreover, a motion for substitution can be made by any party. *Id.* Neither party filed the suggestion of death in Case No. 08-23509, despite having filed it in Case No. 08-21997. Because the rule does not mandate denial and dismissal as it did in Case No. 08-21997, the Court exercises its discretion to allow the substitution and rule on the merits.

To further support granting substitution, the Eleventh Circuit follows the first-filed rule, which gives the first court the authority to decide the case (i.e. this case 08-23509, first-filed in the Eastern District of New York and later transferred to this district). *See Merrill Lynch, Pierce, Fenner & Smith , Inc. v. .Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1984) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case."). In this case, neither party advised the New York court of the duplicate suit and neither party advised this Court of the first-filed suit when it presided over Case No. 08-21997. Now, the Court is presiding over the first-filed suit. Had the Court known that Case No. 08-21997 was duplicate, it would have dismissed it as such. Accordingly, the Court is not persuaded by Defendant's

argument that it should deny substitution in this case based on the actions taken in Case No. 08-21997 (i.e. the duplicate lawsuit).

Because the Court is allowing the substitution the Court must rule on the motion to dismiss, which is premised on *res judicata* and collateral estoppel. The adjudication of Case No. 08-21997 was not an adjudication on the merits. It was decided based on a procedural deficiency not present in this case. *Stone v. City of Maitland*, 446 F.2d 83, 86 (5th Cir. 1971) (finding that res judicata did not bar action as prior court dismissed case based on a procedural flaw). Accordingly, the Court finds that res judicata and collateral estoppel principles do not require dismissal and the motion to dismiss is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of March, 2009.

                                                          FEDERICO A. MORENO
                                                          UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record